■ MARTIN, NOONAN, HISLOP, TROUE & SHUDT, a Partnership, Plaintiff, v ALFRED F. LA MARCHE et al., Defendants, and CARL GRIMM, Appellant, and WILLIAM M. BURKE, Respondent. — Appeal from an order of the Supreme Court at Special Term (Kahn, J.), entered September 6, 1983 in Albany County, which granted defendant William M. Burke's motion to vacate a portion of a notice of pendency filed by defendant Carl Grimm.

Plaintiff (hereafter Martin, Noonan) brought this action to foreclose a mortgage which it was given by defendant Alfred F. La Marche on a parcel of property located in the Town of Colonie, Albany County. The order appealed from was the result of a motion brought by defendant William M. Burke, holder of a second mortgage on the property in question, to vacate a notice of pendency (*lis pendens*), filed by defendant Carl Grimm, insofar as it related to this property. Defendant Grimm's *lis pendens* was filed as part of an independent and still pending action, never consolidated with the instant matter, in which he is the plaintiff, suing defendant La Marche and Interstate Uniform Services Corporation (Interstate), which is not a party to the instant action, for, *inter alia,* breach of contract and money damages.

That cause of action arose because La Marche had contracted to sell the property which is the subject of the instant foreclosure proceeding plus adjacent land to Grimm and had accepted a $20,000 deposit from him. La Marche then proceeded to sell part of the property to Interstate, and to mortgage the remainder to Martin, Noonan and to Burke. Burke's motion, which is the subject of this appeal, was to vacate Grimm's *lis pendens* to the extent that it clouded the title to the property which is the subject of this mortgage foreclosure proceeding, but not insofar as it pertains to that part of the property which La Marche sold to Interstate. Special Term granted Burke's motion for partial vacatur. It based this ruling on the ground that Grimm's complaint in his independent action sought to foreclose his vendee's lien against the property conveyed to Interstate, but not against the property retained by La Marche. Special Term concluded that since a *lis pendens* may only be filed in an action in which the judgment demanded would affect the title to real property (CPLR 6501), the *lis pendens* should only pertain to the property conveyed to Interstate, against which Grimm claimed to have a vendee's lien. We reverse.

The action before Special Term in the determination of this motion was the foreclosure proceeding brought by plaintiff Martin, Noonan. However, the *lis pendens,* partially vacated by the

order appealed from, was filed as an incident to the suit brought by Grimm against La Marche and Interstate, an action independent of and never consolidated with the instant matter. As a result, Special Term, in partially vacating Grimm's *lis pendens,* was analyzing a complaint brought in an action which was not properly before it, and the court's resulting order affected the interests of a party not before it, namely those of Interstate. While CPLR 6514 (subd [a]) permits a motion for the cancellation of a *lis pendens* to be made by "any person aggrieved", it does not authorize such a motion to be made within the context of an unrelated action. We conclude that Special Term lacked the authority to determine the validity of a *lis pendens* filed in a case which was not before it, and we reverse.

Order reversed, on the law, without costs, and motion denied. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.